IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

| | |
|---|---|
| ROGER W. WALLACH, individually, and on behalf of all others similarly situated, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>DIRSEC, INC. )<br>)<br>Serve registered agent at:<br>Stone, Rosen & Fuller, P.C.<br>4845 Pearl East Circle, Suite 101<br>Boulder, Colorado 80301 )<br>)<br>Defendant. ) | Case No.:<br>Division: |

### PETITION FOR DAMAGES

COMES NOW Plaintiff Roger W. Wallach and through his undersigned counsel hereby submits his Petition for Damages against Defendant DIRSEC, Inc. and states:

**Parties, Jurisdiction and Venue**

1. Plaintiff Roger W. Wallach ("Wallach") is an individual who at all times material to this petition resided in St. Louis County, Missouri.

2. Defendant DIRESC, Inc. ("DIRSEC") is a Colorado corporation in good standing with its principal place of business in the State of Colorado.

3. This Court has personal jurisdiction over DIRSEC because it has solicited business in the State of Missouri, conducts business in the State of Missouri, has committed the acts described below in the State of Missouri and otherwise has sufficient minimum contacts with the State of Missouri, and such contacts are continuous and systematic.

4. Venue is proper in this Court because a substantial portion of the events giving rise to the claims asserted in this Petition occurred in St. Louis County, Missouri.


EXHIBIT B

## Background and Facts Common to All Counts

5. DIRSEC provides, among other things, security solution products and services that "help provide customers meet today's IT and business challenges."

6. DIRSEC markets these security solutions products and services to its prospective customers.

7. DIRSEC markets its products and services through placing automated telephone calls to potential customers' cell phones.

8. Wallach is the owner of a cell phone and pays the bill for his cell phone account. His cell phone number is 314-XXX-2900.

9. Wallach did not provide his cell phone number to DIRSEC.

10. Wallach had no prior business relationship with DIRSEC.

11. Wallach did not grant DIRSEC prior express written consent to be called on his cell phone.

12. On or about June 24, 2016, Wallach received a call on his cell phone in St. Louis County, Missouri from DIRSEC or someone acting on their behalf.

13. The phone number that showed up on Wallach's caller ID for DIRSEC was 816-272-2811.

14. Upon information and belief, the phone number 816-272-2811 was "spoofed."

15. Caller ID "spoofing" occurs when a caller falsifies information transmitted to Caller ID to disguise their identity.

16. Upon answering his cell phone, Wallach heard a brief pause before hearing the voice of DIRSEC's representative.

17. DIRSEC's representative advised Wallach that they were interested in providing him with products or services that would allow him to optimize his IT security.

18. The phone call advertised DIRSEC's products and services.

19. The phone call placed by DIRSEC or someone acting on its behalf invaded Wallach's privacy and was harassing and annoying.

20. Upon information and belief, DIRSEC or someone acting on its behalf placed phone calls advertising DIRSEC's products and services *en masse* to the cell phones of Wallach and members of the proposed class without the prior express written consent of the recipients. Said persons include those persons such as Wallach, who have Missouri area codes.

21. The phone calls placed by DIRSEC to the putative class members invaded their privacy and was harassing and annoying.

22. Wallach and the putative class members wasted their time in answering and addressing DIRSEC's unsolicited cell phone calls.

### Count I - Violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.* against DIRSEC, Inc.

23. Wallach incorporates by reference the allegations of the previous paragraphs as if fully stated in this count.

24. The TCPA states, in part:

> It shall be unlawful . . . (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . (iii) to any telephone number assigned to a . . . cellular telephone . . . .

47 U.S.C. § 227(b)(1).

25. TCPA defines an "automatic telephone dialing system" as "equipment which has the capacity . . . to store or produce numbers to be called, using a sequential number generator; and to dial such numbers." 47 U.S.C. § 227(a)(1).

3

26. The TCPA defines a "telephone solicitation" as a "call or message for the purpose of encouraging the purchase of goods, or services which is transmitted to any person." 47 U.S.C. § 227(a)(4).

27. The Federal Communications Commission's regulations implementing the TCPA provide that telephone solicitations cannot be made to a recipient without the recipient's "prior express written consent." *See* FCC 12-21, CG Docket 02-278 (effective October 16, 2013); 47 C.F.R. § 64.1200(a)(2)

28. The term "prior express written consent" as defined by the Code of Federal Regulations means "an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered." 47 C.F.R. § 64.1200(f)(8)(i).

29. The TCPA provides for a private right of action and statutory damages of at least $500, and up to $1,500.00 per violation. 47 U.S.C. § 227(b)(3).

30. Wallach brings this action pursuant to the provisions Missouri Supreme Court Rule 52.08(b)(3) individually, and on behalf of a class defined as:

> All persons in the United States who, from October 16, 2013 to the present, who received calls on their cell phone from DIRSEC or someone acting on its behalf and did not provide DIRSEC their prior express written consent to receive such calls.

31. Upon information and belief, DIRSEC used an automatic telephone dialing system to make the phone call to Wallach's cell phone and to the cell phones of the putative class members. DIRSEC's dialing system stored Wallach's and the putative class members' cell phone numbers.

The numbers were dialed without human intervention. Once the calls were placed and answered, they were transferred to a live DIRSEC agent.

32. Upon information and belief, DIRSEC's use of an automatic telephone dialing system allowed it to make large amounts of calls to the putative class members at a low cost and in a short period of time.

33. Upon information and belief, DIRSEC made phone calls to the cell phones of Wallach and the members of the putative class without the recipients' prior express written consent.

34. By making calls to the cell phones of Wallach and the members of the putative class without obtaining their prior express written consent, DIRSEC violated the express provisions of the TCPA, including, but not limited to, 47 U.S.C. § 227(b)(1).

35. DIRSEC knew or should have known that Wallach and members of the putative class did not provide their prior express written consent to receive calls on their cell phones.

36. Wallach and the putative class are entitled to damages of $500.00 per call made by DIRSEC and up to $1,500.00 per call if the Court finds that DIRSEC willfully violated the TCPA.

37. Upon information and belief, there are hundreds, if not thousands of persons in the proposed class, and the class is so geographically diverse that joinder of all members is impracticable.

38. Wallach's claims are typical of the class he seeks to represent. Wallach and members of the putative class were called by DIRSEC through an automatic telephone dialing system and did not provide prior express written consent to be called on their cell phones. Wallach's claims and the claims of the putative class are based on the same legal theories and arise from the same unlawful conduct thereby resulting in the same injury to Wallach and members of the putative class.

39. There are questions of law and fact common to the class. Common questions include, but are not limited to:

a. Whether DIRSEC made phone calls-to the cell phones of the members of the putative class without obtaining their prior express written consent to receive said calls;

b. Whether DIRSEC made phone calls to the cell phones of members of the proposed class using an automatic telephone dialing system;

c. Whether DIRSEC's conduct violates 47 U.S.C. § 227(b)(1)(A);

d. Whether DIRSEC'S conduct violates the rules and regulations implementing the TCPA; and,

e. Whether Wallach and the members of the proposed class are entitled to increased damages based on the willfulness of DIRSEC'S conduct.

40. Wallach will fairly and adequately represent the putative class members. Wallach has retained counsel experienced in the prosecution of class actions. Wallach is committed to vigorously prosecuting the claims presented in this petition. Neither Wallach nor Wallach's counsel have any interests adverse or in conflict with the absent class members.

41. The questions of law and fact common to the members of the proposed class predominate over any questions of fact affecting any individual member of the proposed class.

42. A class action is superior to other methods for the fair and efficient adjudication of this controversy. Because the damages suffered by the individual class members may be relatively small compared to the expense and burden of litigation, it is impracticable and economically infeasible for class members to seek redress individually.

## Demand for Judgment

WHEREFORE Plaintiff Roger W. Wallach, individually, and on behalf of all others similarly situated, requests the Court grant the following relief:

a. Enter an order against Defendant DIRSEC, Inc., pursuant to Missouri Supreme Court Rule 52.08(b)(3), certifying this action as a class action and appointing Plaintiff Roger W. Wallach as representative of the class;

b. Enter an order appointing Butsch Roberts & Associates LLC as counsel for the class;

c. Enter judgment in favor of Wallach and the putative-class for all damages available under the TCPA, including statutory damages of $500 per violation, or up to $1,500 per violation if Defendant willfully violated the TCPA;

d. Award Wallach and the class all expenses of this action, and requiring defendant to pay the costs and expenses of class notice and claims administration; and,

e. Award Wallach and the class such further and other relief the Court deems just and appropriate.

**Jury Trial Demanded**

**BUTSCH, ROBERTS & ASSOCIATES, LLC**

By: /s/Christopher E. Roberts
David T. Butsch #37539
Christopher E. Roberts #61895
231 South Bemiston Ave., Suite 260
Clayton, MO 63105
(314) 863-5700 (telephone)
(314) 863-5711 (fax)
butsch@butschroberts.com
roberts@butschroberts.com

Attorneys for Plaintiff Roger W. Wallach

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

| | |
|---|---|
| ROGER W. WALLACH, individually, and on behalf of all others similarly situated,  ) ) ) | |
| Plaintiff,  ) ) | |
| vs.  ) ) | Case No.: Division: |
| DIRSEC, INC.  ) ) | |
| Defendant.  ) | |

## MOTION TO APPOINT SPECIAL PROCESS SERVER

COMES NOW Plaintiff Roger W. Wallach through his undersigned counsel and requests that this Court appoint John Chely with Quality Process Servers and Investigations, 1043 Terrace Circle South, Boulder, Colorado 80304 be appointed as special process server in the above-captioned matter for the purpose of serving a Summons and Petition for Damages on Defendant DIRSEC, Inc.

BUTSCH, ROBERTS & ASSOCIATES, LLC

By: /s/Christopher E. Roberts
David T. Butsch #37539
Christopher E. Roberts #61895
231 South Bemiston Ave., Suite 260
Clayton, MO 63105
(314) 863-5700 (telephone)
(314) 863-5711 (fax)
butsch@butschroberts.com
roberts@butschroberts.com

Attorneys for Plaintiff Roger W. Wallach

**16SL-CC02405**

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

| | |
|---|---|
| ROGER W. WALLACH, individually, and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No.: ) Division: |
| DIRSEC, INC. | ) ) |
| Defendant. | ) |

## MOTION TO APPOINT SPECIAL PROCESS SERVER

COMES NOW Plaintiff Roger W. Wallach through his undersigned counsel and requests that this Court appoint John Chely with Quality Process Servers and Investigations, 1043 Terrace Circle South, Boulder, Colorado 80304 be appointed as special process server in the above-captioned matter for the purpose of serving a Summons and Petition for Damages on Defendant DIRSEC, Inc.

Appointed as Requested:

**/s/Stacy Berding**
Deputy Clerk

Date:
07/05/2016

**BUTSCH, ROBERTS & ASSOCIATES, LLC**

By: /s/Christopher E. Roberts
David T. Butsch #37539
Christopher E. Roberts #61895
231 South Bemiston Ave., Suite 260
Clayton, MO 63105
(314) 863-5700 (telephone)
(314) 863-5711 (fax)
butsch@butschroberts.com
roberts@butschroberts.com

Attorneys for Plaintiff Roger W. Wallach



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>MICHAEL D BURTON | Case Number: 16SL-CC02405 |
|---|---|
| Plaintiff/Petitioner:<br>ROGER W WALLACH<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>CHRISTOPHER ELISHA ROBERTS<br>SUITE 200<br>231 SOUTH BEMISTON AVE.<br>CLAYTON, MO 63105 |
| Defendant/Respondent:<br>DIRSEC, INC. | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 |
| Nature of Suit:<br>CC Other Tort | |

(Date File Stamp)

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to: DIRSEC, INC.
Alias:
R/A: STONE, ROSEN, & FULLER, P.C.
4845 PEARL EAST CIRCLE, STE 101
BOULDER, CO 80301

**COURT SEAL OF**

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.
SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

**ST. LOUIS COUNTY**

06-JUL-2016
Date
Further Information:
SMB

_____ Clerk

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by: (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   ☐ other (describe) _____.

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____   _____
Printed Name of Sheriff or Server   Signature of Sheriff or Server

Subscribed and Sworn To me before this _____ (day) _____ (month) _____ (year)
I am: (check one)  ☐ the clerk of the court of which affiant is an officer.
☐ the judge of the court of which affiant is an officer.
☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
☐ authorized to administer oaths. (use for court-appointed server)

(Seal)
_____
Signature and Title

**Service Fees, if applicable**
Summons     $ _____
Non Est      $ _____
Mileage      $ _____ ( _____ miles @ $ _____ per mile)
Total        $ _____

See the following page for directions to clerk and to officer making return on service of summons.

## Directions to Clerk

Personal service outside the State of Missouri is permitted only upon certain conditions set forth in Rule 54. The clerk should insert in the summons the names of only the Defendant/Respondent or Defendants/Respondents who are to be personally served by the officer to whom the summons is delivered. The summons should be signed by the clerk or deputy clerk under the seal of the court and a copy of the summons and a copy of the petition for each Defendant/Respondent should be mailed along with the original summons to the officer who is to make service. The copy of the summons may be a carbon or other copy and should be signed and sealed in the same manner as the original but it is unnecessary to certify that the copy is a true copy. The copy of the motion may be a carbon or other copy and should be securely attached to the copy of the summons but need not be certified a true copy. If the Plaintiff's/Petitioner has no attorney, the Plaintiff's/Petitioner's address and telephone number should be stated in the appropriate square on the summons. This form is not for use in attachment actions. (See Rule 54.06, 54.07 and 54.14)

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each Defendant/Respondent. If any Defendant/Respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than 30 days from the date the Defendant/Respondent is to appear in court. The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.

THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

OSCA (7-04) SM60 *For Court Use Only:* Document ID# 16-SMOS-494     3     (16SL-CC02405)     Rules 54.06, 54.07, 54.14, 54.20;
506.500, 506.510 RSMo

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms.  You should ask your lawyer for further information.

CCADM73

OSCA (7-04) SM60 *For Court Use Only:* Document ID# 16-SMOS-494      4        (16SL-CC02405)                Rules 54.06, 54.07, 54.14, 54.20;
                                                                                                                   506.500, 506.510 RSMo



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division: MICHAEL D BURTON | Case Number: 16SL-CC02405 |
|---|---|
| Plaintiff/Petitioner: ROGER W WALLACH | Plaintiff's/Petitioner's Attorney/Address: CHRISTOPHER ELISHA ROBERTS SUITE 200 231 SOUTH BEMISTON AVE. CLAYTON, MO 63105 |
| vs. | |
| Defendant/Respondent: DIRSEC, INC. | Court Address: ST LOUIS COUNTY COURT BUILDING 105 SOUTH CENTRAL AVENUE CLAYTON, MO 63105 |
| Nature of Suit: CC Other Tort | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to: DIRSEC, INC.
Alias:
R/A: STONE,ROSEN,& FULLER,P.C.
4845 PEARL EAST CIRCLE,STE 101
BOULDER, CO 80301

**COURT SEAL OF**

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

**SPECIAL NEEDS:** If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

**ST. LOUIS COUNTY**

06-JUL-2016
Date
Further Information:
SMB

_____ Clerk

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is __Process Server__ of __Boulder__ County, __Colorado__ (state).
3. I have served the above summons by: (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.
   ☒ (for service on a corporation) delivering a copy of the summons and a copy of the petition to __Nathalie Carson__ (name) __Business Center Manager__ (title)
   ☐ other (describe)

Served at __4845 Pearl East Circle Ste 101 Boulder CO 80301__ (address)
in __Boulder__ County, __Colorado__ (state), on __7/8/2016__ (date) at __11:51 AM__ (time).

__John Chely__
Printed Name of Sheriff or Server

Signature of Sheriff or Server

Subscribed and Sworn To me before this __8__ (day) __July__ (month) __2016__ (year)

I am: (check one)
☐ the clerk of the court of which affiant is an officer.
☐ the judge of the court of which affiant is an officer.
☒ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
☒ authorized to administer oaths. (use for court-appointed server)

MINA ZARICH
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20104007724
MY COMMISSION EXPIRES MARCH 10, 2018

_____
Signature and Title

**Service Fees, if applicable**
Summons    $ _____
Non Est    $ _____
Mileage    $ _____ ( ___ miles @ $ ___ per mile)
Total      $ _____

See the following page for directions to clerk and to officer making return on service of summons.

OSCA (7-04) SM60 For Court Use Only: Document ID# 16-SMOS-494    (16SL-CC02405)    Rules 54.06, 54.07, 54.14, 54.20, 506.500, 506.510 RSMo